UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DANIEL PATRICK COTNOIR | ) | Case No. 08-13594-SSM |
| AMY ELIZABETH COTNOIR | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OPINION AND ORDER**


A hearing was held on February 2, 2010, on the debtors' motion to reopen their closed

chapter 7 case in order to enter into a reaffirmation agreement with Chase Manhattan Mortgage

*nunc pro tunc* to a date prior to the entry of the discharge.  No objections were filed.  At the

hearing, however, the court questioned whether the Bankruptcy Code would permit the back-dating

of a reaffirmation agreement made after the granting of a discharge, and the court took the

motion to reopen under advisement.[1]

Background

Daniel Patrick Cotnoir and Amy Elizabeth Cotnoir ("the debtors") are husband and wife.

They filed a joint voluntary petition in this court on June 23, 2008, for relief under chapter 7 of

the Bankruptcy Code.  On their schedules, they listed  $67,840 in unsecured debts.  They also

---

[1] Following the hearing, debtors' counsel wrote the court and advised that, although a minority
line of cases allowed for the vacating of a discharge to enter into a reaffirmation agreement, he
did not believe that he could prevail under the test established in those cases.  Accordingly, he
requested that the motion to reopen be denied without prejudice.  Ordinarily, that would moot a
need for a formal opinion.  However, because the present case presents an additional issue
concerning the time limit for seeking relief from a discharge order, the court believes at least a
brief discussion is appropriate.

listed two parcels of real estate (one in Virginia and one in Massachusetts) totaling $600,000 in

value and subject to mortgage debt in the amount of $606,786. The Virginia property was

valued at $400,000 and was subject to two deeds of trust in favor of Chase Manhattan Mortgage,

with $311,186 owed on the first deed of trust and $78,105 on the second deed of trust. On their

statement of intention, they stated that they intended to reaffirm both mortgages against the

Virginia property and to surrender the Massachusetts property. The trustee filed a report of no

distribution on October 3, 2008, and the debtors were granted a discharge on October 6, 2008,

without any reaffirmation agreements having been filed. The case was then closed on October

10, 2008. On January 8, 2010—approximately 15 months later—the debtors filed the motion

that is before the court. In the motion, they represent that they have continued to pay their

mortgage obligations to Chase Manhattan Mortgage since the entry of the discharge and desire to

enter into a reaffirmation agreement "for the purposes of reestablishing their credit."

## Discussion

A closed bankruptcy case may be reopened for, among other reasons, to accord relief to

the debtor. § 350(b), Bankruptcy Code. Whether to reopen a closed case is discretionary with

the court. *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324 (4th Cir. 1984). A

case should not be reopened, however, when doing so would be futile and a waste of judicial

resources. *In re Carberry*, 186 B.R. 401, 402-03 (Bankr. E.D. Va. 1995).

In order to be enforceable, any agreement between the debtor and a creditor for

repayment of a debt that would otherwise be discharged in bankruptcy must, among other

requirements, be "made before the granting of the discharge." § 524(c)(1), Bankruptcy Code. A

discharge will normally be issued as soon as possible after the time has passed for objecting to

the debtor's discharge, which (unless extended by the court) is 60 days after the first date set for

the meeting of creditors.  Fed.R.Bankr.P. 4004(a), (c)(1).  However, on motion of the debtor, the

court may defer the granting of a discharge for 30 days, and, on motion made within that period,

may further defer it to a date certain.  Fed.R.Bankr.P. 4007(c)(2).  Thus, a debtor who is unable

to conclude the negotiation and signing of a reaffirmation agreement prior to the granting of a

discharge has a ready means of deferring the discharge in order to complete the reaffirmation

process.  Once a discharge is issued, however, it cannot (unless entered as a result of

administrative error) readily be revoked.  As this court noted in the somewhat different context

of a debtor seeking to vacate a chapter 7 discharge in order to convert his or her case to chapter

13,

> [c]ourts are divided as to whether a discharge may ever be set aside at the debtor's
> request. *Compare In re Leiter*, 109 B.R. 922 (Bankr. N.D. Ind. 1990) ("[A]
> discharge order, once entered, can only be set aside by the trustee, a creditor, or
> the United States Trustee pursuant to 11 U.S.C. § 727(d) or (e), and not by motion
> of the Debtor.") *with In re Jones*, 111 B.R. 674 (Bankr. E.D. Tenn. 1990)
> (discharge may be set aside on debtor's motion under Fed.R.Bankr.P. 9023 or
> 9024 under appropriate circumstances).

*In re Mosby,* 244 B.R. 79, 88-89 (Bankr. E.D. Va. 2000).  In *Mosby*, this court concluded that

"relief in the form of an order vacating a chapter 7 discharge may potentially be granted on

motion of a debtor under Rule 60(b), Fed.R.Civ.P., as incorporated by Fed.R.Bankr.P. 9024."

*Id.,* 244 B.R. at 90.  However, the court cautioned:

> At the same time, Rule 60 relief, because it is an exception to the general rule
> favoring finality of judgments, is not lightly to be granted. Put another way, Rule
> 60 functions as a safety valve to prevent miscarriages of justice, and would
> seldom, if ever, be appropriate simply because a litigant changes his or her mind.
> Although the Bankruptcy Rules provide for issuance of a chapter 7 discharge as a
> matter of course after the time for objecting to discharge has passed,
> Fed.R.Bankr.P. 4004(c)(1), there is a mechanism for a debtor who genuinely
> needs to have his or her discharge delayed – for example, to conclude

negotiations for a reaffirmation agreement – to move for deferral of the discharge. Fed.R.Bankr.P. 4004(c)(2). Given the availability of that procedure, it will be a rare instance where the debtor can show, after the discharge is granted, that it was entered as a result of mistake, inadvertence, surprise, or excusable neglect.

*Id.*

But in the present case there is an additional consideration. Even if the court were to find that the debtors' failure to timely conclude a reaffirmation agreement prior to the issuance of the discharge rose to the level of mistake, inadvertence, or excusable neglect, relief from the discharge order would not be available under Rule 9024 because of the one-year limitation or motions seeking relief on those grounds. Fed.R.Civ.P. 60(c)(1). Here, the motion the motion to reopen was filed 15 months after entry of the discharge order. Thus, even taking the most generous view of the court's power to grant relief from the discharge order, the court is without power to grant the requested relief. And since no effective relief can be granted, reopening the case would be futile and a waste of judicial resources.

### O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to reopen the case is denied.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.


Date: _____                   _____
                                                 Stephen S. Mitchell
Alexandria, Virginia                             United States Bankruptcy Judge

Copies to:

Daniel Patrick Cotnoir
Amy Elizabeth Cotnoir
8391 Greenwich Road
Catlett, VA 20119
Debtors

Scott J. Newton, Esquire
Stephens, Boatwright, Cooper & Coleman
9255 Lee Avenue
Manassas, VA 20110
Counsel for the debtors

Robert O. Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee